IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GLORIA A. BROWN,                    *

    Plaintiff,                       *

v.                                  *          Civil Action No. 8:21-cv-02334-PX

BANK OF AMERICA, N.A.,              *

    Defendant.                       *
                      ***

## MEMORANDUM OPINION

Pending before the Court in this consumer protection action is Defendant Bank of America, N.A.'s motion to dismiss the Complaint. Finding no hearing necessary, *see* D. Md. Loc. R. 105.6, and for the following reasons, the Court GRANTS in part and DENIES in part Defendant's motion.

### I.  Background[1]

Plaintiff Gloria A. Brown ("Brown") maintained a personal checking account with Defendant Bank of America, N.A. ("the Bank") and regularly visited the Bank's Lanham, Maryland branch. ECF No. 3 ¶¶ 2 & 3. On August 7, 2020, Brown deposited $91,570.33 into her account. *Id.* ¶ 4. Shortly after, Brown noted that an unknown third party attempted to withdraw sizeable cash amounts on five separate occasions. *Id.* ¶¶ 6–13.[2] *Id.* Although not every attempted withdrawal succeeded, a total of $52,582.49 was taken from Brown's account. *Id.* ¶¶ 10–13. Bank records reflect that the unauthorized withdrawals had been facilitated with a

---

[1] The following Complaint facts are accepted as true and construed most favorably to Brown. *See E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011).

[2] The Complaint specifies the following attempted withdrawals: August 19, 2020 – $888,888.88; August 20, 2020 – $27,898.96; August 20, 2020 – $24,908.91; August 21, 2020 – $24,802.60; August 21, 2020 – $27,779.89. ECF No. 3 ¶¶ 6–8, 10 & 11.

bank-issued debit card, and Brown insists that she had not lost or loaned her card to anyone. *Compare id.* ¶¶ 6–8, 10–11 *with id.* ¶ 14.

On August 27, 2020, Brown alerted the Bank to the unauthorized withdrawals and requested reimbursement. *See* ECF No. 3 ¶ 15. Receiving no response, Brown next retained counsel who renewed the reimbursement request. *Id.* ¶ 16. The Bank has not yet replaced any of the stolen funds. *Id.* ¶ 17.

On July 6, 2021, Brown filed suit against the Bank in the Circuit Court for Prince George's County, Maryland, alleging violations of the federal Electronic Funds Transfer Act (the "EFTA"), 15 U.S.C. § 1693 *et seq.*; the "Maryland Fair Credit Billing Act"; and for common law negligence and breach of contract. *See generally* ECF Nos. 1 & 3. The Bank timely removed the action to this Court and now moves to dismiss all claims. ECF Nos. 1 & 6. In response, Brown has voluntarily withdrawn the negligence and Fair Credit Billing Act claims but insists the EFTA and contract claims survive challenge. ECF No. 11-1 at 3–5. The Court considers the sufficiency of each claim separately.

## II.    Standard of Review

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). A complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).

When ruling on a motion to dismiss, the plaintiff's well-pleaded allegations are accepted as true and viewed in the light most favorable to her. *Twombly*, 550 U.S. at 555 (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

### III.   Analysis

#### A.   The EFTA Claim: Count I

The Court first turns to the EFTA claim. The Bank principally argues that the Complaint fails to specify which provision of the EFTA the Bank has allegedly violated, rendering the claim insufficient. ECF No. 6-1 at 3–4. Congress enacted the EFTA as a "remedial consumer protection statute" which courts "read liberally to achieve the goals of protecting consumers." *Curtis v. Propel Prop. Tax Funding, LLC*, 915 F.3d 234, 239 (4th Cir. 2019) (quoting *Phelps v. Robert Woodall Chevrolet, Inc.*, 306 F. Supp. 2d 593, 596 (W.D. Va. 2003)); *see also Widjaja v. JPMorgan Chase Bank, N.A.*, 21 F.4th 579, 581 (9th Cir. 2021). Pertinent here, section 1693g of the EFTA limits consumer liability to $50.00 for unauthorized electronic fund transfers, provided the consumer alerts the Bank of the unauthorized transfer timely and that transaction is not the result of a lost or stolen access device. 15 U.S.C. § 1693g(a) (establishing three separate liability limits, of which $50.00 is the default); *id.* § 1693g(b) (placing the burden of proof on the

financial institution to demonstrate the consumer does not fit into the $50.00 liability category).

Accepting the Complaint facts as true and most favorably to Brown, the Bank has been sufficiently placed on notice of this particular claim.  Brown clearly asserts that the withdrawals in question had not been authorized; that they were not the result of a lost or stolen debit card; and that she timely notified the Bank in writing of the loss.  ECF No. 3 ¶ 10–16.  In short, the Bank knows that it must defend a claim brought pursuant to Section 1693g arising from particular unauthorized withdrawals.  *Compare id.* ¶ 20 ("Plaintiff is not liable for the unauthorized withdrawals from her [Bank of America] account pursuant to the Federal Electronic Fund Transfer Act[]") *with* 15 U.S.C. § 1693g (explaining that consumer liability for an "unauthorized electronic fund transfer" may not exceed $50.00 except in limited circumstances).

The Bank next argues that the claim fails as a matter of law because the Complaint does not allege "that the transactions at issue are electronic fund transfers under the Act, the contents of the alleged dispute, where the dispute was sent, whether BANA conducted an investigation, and why she is entitled to reimbursement."  ECF No. 6-1 at 3–4.  The Bank once again misses the mark.  A claim is not defeated simply because a plaintiff does not craft the claim to the defendant's liking.  Rather, the claim must aver sufficient facts to make the claim plausible.  This Brown has done.

Viewing the Complaint most favorably to Brown, the unauthorized transactions constitute an "electronic fund transfer" because they were accomplished with a debit card.  *See* 15 U.S.C. § 1693a(7) (defining an electronic fund transfer as "any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct,

4

or authorize a financial institution to debit or credit an account."); 12 C.F.R. § 1005.3(b)(v) (explaining that debit card transactions are electronic fund transfers).  Further, and contrary to the Bank's contention, the Complaint avers when and how Brown notified the Bank of the unauthorized activity and that the Bank failed to respond.  ECF No. 3 ¶¶ 15–17.  Last, the Complaint is quite clear as to why Brown is "entitled to reimbursement"—because the Bank violated the EFTA, and Brown, the consumer, is entitled to the protection afforded to her under the statute.  The claim survives challenge.  The Bank's motion to dismiss the EFTA claim is denied.

### B.  The Contract Claim:  Count III

The Court next turns to the contract claim.  At the pleading stage, "a plaintiff need only allege the existence of a contractual obligation owed by the defendant to the plaintiff, and a material breach of that obligation by the defendant."  *See RRC Ne., LLC v. BAA Md., Inc.*, 413 Md. 638, 658 (2010).  More particularly, in Maryland, the plaintiff must aver with "certainty and definiteness" some facts that reflect the "contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by defendant.'"  *Polek v. J.P. Morgan Chase Bank, N.A.*, 424 Md. 333, 362 (2012) (quoting *Cont'l Masonry Co. v. Verdel Constr. Co.*, 225 Md. 271, 276 (1977)).

The Bank fronts two challenges to the contract claim.  It contends that the claim is preempted by EFTA or, alternatively, that the Complaint fails to state a claim for contractual breach under Maryland law.  ECF No. 6-1 at 4–6.  As to preemption, the EFTA eclipses state laws "only to the extent of the inconsistency."  15 U.S.C. § 1693q.  Accordingly, a common law contract claim that provides greater protection to the consumer is not "inconsistent" with the EFTA, and so is not preempted.  *Id.* ("A State law is not inconsistent . . . if the protection such

law affords any consumer is greater than the protection afforded by this subchapter."); *see also Geimer v. Bank of Am., N.A.*, 784 F. Supp. 2d 926, 931 (N.D. Ill. 2011) (finding state law claims sounding in tort and breach of contract were not preempted by the EFTA); *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 553 (5th Cir. 2008) (noting that Congress did not "completely preempt claims relating to electronic fund transfers").

Implementing regulations provide helpful guidance in this regard. 12 C.F.R. § 205.12(b)(2) defines state law as "inconsistent" with the EFTA's requirements if such law:

(i)    Requires or permits a practice or act prohibited by the federal law;

(ii)   Provides for consumer liability for unauthorized electronic fund transfers that exceeds the limits imposed by the federal law;

(iii)  Allows longer time periods than the federal law for investigating and correcting alleged errors, or does not require the financial institution to credit the consumer's account during an error investigation in accordance with § 205.11(c)(2)(i); or

(iv)   Requires initial disclosures, periodic statements, or receipts that are different in content from those required by the federal law except to the extent that the disclosures relate to consumer rights granted by the state law and not by the federal law.

12 C.F.R. § 205.12(b)(2).

The breach of contract claim here meets none of these factors.  Indeed, if anything, a contract claim offers broader protection because the plaintiff enjoys a longer limitations period of three years as opposed to one year under the EFTA.  *Compare* Md. Code Ann., Cts. & Jud. Proc. § 5-101 *with* 15 U.S.C. § 1693m(g).  *Cf. Geimer*, 784 F. Supp. 2d at 931 (state common law contract claims not preempted because greater protection arising from longer limitations period); *Stegall v. Peoples Bank of Cuba*, 270 S.W.3d 500, 508 (Mo. Ct. App. 2008) (same). The contract claim, therefore, is not preempted by the EFTA.

That said, the claim as pleaded fails as a matter of law.  The Complaint merely avers that

Brown "contracted" with the Bank to provide a checking account and debit card which was FDIC insured and which could serve as a "safe secured depository" for her funds. *See* ECF No. 3 ¶ 26. No other facts make plausible when or where this "contract" was formed, whether the contract obligated the Bank to protect against unauthorized withdrawals, or if entitled her to reimbursement for losses arising from such activity. The Complaint is simply bereft of any facts making plausible the existence of a relevant contract or breach of its terms. Accordingly, the claim will be dismissed, but without prejudice so that Brown may have one opportunity to cure the pleading deficiencies, if possible.

### IV.   Conclusion

Based on the foregoing, Bank of America, N.A.'s motion to dismiss is GRANTED in part and DENIED in part. As to the EFTA claim (Count I), the motion is denied, and as to the breach of contract claim (Count III), the motion is granted and the claim is DISMISSED without prejudice.

A separate Order follows.


June 17, 2022                                                                    /s/
Date                                                                     Paula Xinis
                                                                         United States District Judge

7